## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

WILLIAM STAPLES,                              )
                                             )
                    **Petitioner,**          )
                                             )          **CIVIL ACTION**
**v.**                                       )
                                             )          **No. 15-3009-KHV**
**WARDEN CLAUDE MAYE,**                       )
                                             )
                    **Respondent.**          )
_____)

## <u>MEMORANDUM AND ORDER</u>

Petitioner, a prisoner in federal custody, seeks habeas corpus relief under 28 U.S.C. § 2241.  He challenges the loss of Good Conduct Time in an administrative disciplinary action.

### Background

Petitioner is subject to the inmate discipline program of the Federal Bureau of Prisons ("BOP").  Under that program, BOP staff may impose sanctions on prisoners who commit prohibited acts, as defined in 28 C.F.R. part 541, subpart A.  This process ordinarily requires an attempt to informally resolve a concern, followed by requests for administrative remedies by the Warden, the BOP Regional Director and finally, the BOP General Counsel.  28 C.F.R. §§ 542.13-542.15.   A prisoner who appeals the decision of a Discipline Hearing Officer ("DHO") submits an initial appeal directly to the Regional Director. 28 C.F.R. § 542.14(d)(2).

Petitioner contests four disciplinary actions (1) Incident Report No. 1664517 (Code 201, Fighting); (2) Incident Report No. 1661747 (Code 108, Possession Unauthorized Item); (3) Incident Report 2513440 (Code 217A, Giving Money To, Or Receiving Money From, Any Person For Purposes Of Any Illegal Or Prohibited Purpose (Attempted)); and (4) Incident Report No. 2576551 (Code 224, Assault Without Serious Injury).

**Analysis**

Claims Decided In An Earlier Action Are Subject To Dismissal

Petitioner previously sought habeas corpus relief for claims arising from Incident Report Nos. 1661747 and 1664517.  Staples v. Chester, 370 Fed. Appx. 925 (10th Cir.) (affirming dismissal of petition), cert. denied, 562 U.S. 919 (2010).  In that action, the Court found that petitioner had failed to exhaust administrative remedies but that he had received adequate due process in the administrative disciplinary proceedings.  The Court of Appeals did not reach the issue of due process, finding that petitioner had not exhausted remedies or shown that exhaustion would have been futile.  370 Fed. Appx. at 928-29.

As to these claims, the present petition is a successive action.  The Court therefore dismisses them.  Gibson v. Knowles, 166 F.3d 1220 (Table), 1999 WL 2004 (10th Cir. Jan. 14, 1999) (dismissing as successive petition presenting claims raised and decided in prior petition under Section 2241).

Procedural Due Process

Prison officials satisfy due process requirements in an administrative disciplinary proceeding if a prisoner receives (1) 24 hours advance written notice of the claimed violation; (2) unless good cause exists, an opportunity to call witnesses and present documentary evidence; and (3) a written statement from the factfinder which explains the reason for the decision and the supporting evidence.  Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).  Procedural due process requires "some evidence" to support disciplinary action.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).

Failure To Exhaust

Exhaustion of available administrative remedies is a prerequisite to habeas corpus relief under Section 2241.  See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).   This requirement is satisfied by proper use of the available administrative process.  See Woodford v. Ngo, 548 U.S. 81, 90 (2006).   A threshold question that must be addressed in every habeas case is that of exhaustion.  Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994).

The Court considers the remaining incident reports separately.

Incident Report No. 2513440

On November 7, 2013, BOP staff at FCI-Milan, Michigan, reviewed outgoing mail and found a letter from petitioner to one M.S.  The letter asked M.S. to send $550.00 to inmate D.T. so that petitioner could use the funds to purchase commissary items.  Staff prepared Incident Report No. 2513440, charging petitioner with Giving Money To, Or Receiving Money From, Any Person For Purposes Of Any Illegal Or Prohibited Purpose (Attempted), a violation of Code 217A.  Petitioner received the incident report the same day (Doc. #7, Attach. 2, Exs. C and D).

Staff investigated the report and advised petitioner of his rights, including the right to remain silent.  Petitioner admitted the incident and stated that he needed a typewriter ribbon but could not go to commissary.  Staff referred the incident to the Unit Discipline Committee ("UDC").  On November 14, 2013, petitioner appeared before the UDC.  He gave a written statement again explaining that he needed funds to purchase supplies and pleading not guilty (Doc. #7, Attach. 2, Exs. E and F).

The UDC referred the matter to the Discipline Hearing Officer ("DHO").  On

3

November 14, 2013, petitioner received a Notice of Discipline Hearing and a copy of Inmate Rights at Discipline Hearing.  He declined to call witnesses or have a staff member appointed to assist him.

On December 5, 2013, the DHO conducted a hearing.  Petitioner appeared and gave a statement explaining that he was indigent and needed supplies for legal work.  On June 5, 2014, the DHO found petitioner guilty and imposed a 14-day disallowance of Good Conduct Time ("GCT") and 90 days loss of privileges (Doc. #7, Attach. 2, Ex. J).

The record after this point is confusing.  It states that petitioner filed an appeal in the BOP regional office on May 27, 2014, but it also reports that the written report of the hearing in December of 2013 was prepared on June 5, 2014, and forwarded to petitioner on June 11, 2014. The delay in issuing the report is unexplained.  Petitioner states that he attempted to file an appeal when he had not received the written report after five months (Doc. #11, p. 2).

The North Central Regional Office ("NCRO") rejected petitioner's appeal as untimely, for failure to attach the DHO report and for other reasons, including the statement "Your DHO hearing was held on 12-05-13. You are untimely" (Doc. #7, Attach. 1, Ex. D).

On June 30, 2014, petitioner filed an administrative remedy with the BOP Central Office. That office also rejected the remedy request as untimely and for failure to attach the DHO report or identify the specific hearing. The rejection notice advised petitioner that the BOP "concur[red] with the regions rationale for rejection."  It also directed petitioner to obtain a staff memo stating the reason for his untimeliness and resubmit his appeal to the region.  Id.  Petitioner did not resubmit the appeal, and he states that by the time of the Central Office rejection, he was no longer incarcerated at FCI-Milan (Doc. #11, p. 2).

The Court finds that petitioner failed to exhaust administrative remedies.  Although the record shows that the DHO failed to promptly issue a written report, it also shows that petitioner failed to resubmit the appeal after being advised to obtain a statement from staff and present the appeal in the BOP region where he was incarcerated.  Petitioner apparently made no effort to comply, and the Court concludes he failed to pursue available remedies.

In addition, the Court finds that petitioner received due process during the administrative disciplinary proceedings.  He received advanced notice of the charges, and he admitted his guilt at the hearing.  He did not request witnesses or a staff representative or submit evidence.  While the late issuance of the written report is unfortunate and greatly complicated the administrative appeal process, petitioner eventually received a written report.  This meets the requirements of Wolff.

Incident Report No. 2576551

On April 27, 2014, BOP staff at FCI-Milan conducted an investigation and determined that petitioner had assaulted T.B., another prisoner.  On May 1, 2014, reporting staff prepared an amended incident report that corrected the date the incident occurred and charged petitioner with Assaulting Any Person (Minor), a violation of Code 224.  Petitioner received the report the same day and denied any knowledge of an assault (Doc. #7, Attach. 2, Ex. K).  On May 1, 2014, the UDC conducted a hearing and referred the matter to the DHO.  On May 27, 2014, the DHO conducted a hearing.  Petitioner had a staff representative and gave a statement, and the DHO received written statements from the three inmate witnesses whom petitioner requested. The DHO found petitioner guilty and disallowed 14 days of GCT and 180 days of phone privileges (Doc. #7, Attach. 2, Exs. P and Q).

The record states that the DHO issued a report but also states that the signed and delivered copy is missing.[1] Accordingly, the report was re-signed by the DHO on April 16, 2015, and forwarded to petitioner on April 17, 2015.

On June 20, 2014, petitioner filed an administrative appeal in the NCRO. The NCRO rejected the appeal for failure to attach the DHO report or to otherwise identify the hearing and for having more than one continuation page. It also stated: "Your hearing date for #2576551 was held on 5/27/14. Please consult with your Unit Team Mgr on where to appeal this rpt. Currently in the South Central Reg" (Doc. #7, Attach. 1, Ex. M).

The response states petitioner did not resubmit the appeal (Doc. #7, Attach. 1, Ex. D); however, petitioner has supplied a copy of a response to his regional appeal dated October 2, 2014, discussing the merits of the matter and denying relief (Doc. #11, Attach., p. 43). There is no evidence of a final appeal to the Central Office, but petitioner states that he filed that appeal and received notice that the response was due on December 30, 2014. He states he did not receive a response by that time (Doc. #11, p. 5).

The present record does not establish a clear failure to exhaust. The record clearly establishes, however, that petitioner received the due process protections required by Wolff. Petitioner received the revised incident report on May 1, 2014, well before the hearing on May 27, 2014. He gave a statement at the hearing and appeared with a staff representative, and the DHO accepted written statements from the inmates whom petitioner sought to introduce as witnesses. The DHO provided a written report with the decision, an

---

[1]     In support of his traverse, petitioner supplies a copy of the DHO report signed on July 24, 2014 (Doc. #11, p. 41).

explanation of the supporting evidence and a statement of the sanctions (Doc. # 11, Attach., p. 41).

The DHO report explains the bases for the decision as the internal investigation and the incident report.  This is sufficient to satisfy the standard of "some evidence" established in Superintendent v. Hill.

Petitioner is not entitled to relief on this claim.

**IT IS THEREFORE ORDERED** that the Petition For Writ of Habeas Corpus (Doc. #1) filed January 15, 2015 be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Order (Doc. #14) filed September 14, 2015 be and hereby is **SUSTAINED**.

Dated this 5th day of May, 2016 at Kansas City, Kansas.

S/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge